CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 0 5 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DIANA R. BESS, ) | |
| ) | Civil Action No. 7:08CV00409 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| HIGHLAND PROPANE COMPANY, et al., ) | United States District Judge |
| ) | |
| Defendants. ) | |

The plaintiff, Diana R. Bess, filed this action against Highland Propane Company; Diversified Energy Company; Inergy Propane, LLC; Inergy Sales & Services, Inc.; Inergy GP, LLC; Inergy, L.P.; and Inergy Holdings, L.P., raising claims of sexual harassment, gender discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Defendants Inergy Sales & Services, Inc.; Inergy GP, LLC; Inergy, L.P.; and Inergy Holdings, L.P. have moved to dismiss the complaint, pursuant Rule 4(m) of the Federal Rules of Civil Procedure, for failure to timely effect service of process. For the reasons that follow, the court will grant the motion to dismiss.

### Procedural History

Bess filed the instant action against the defendants on July 9, 2008. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Bess had 120 days, or until November 6, 2008, to serve the defendants.

On October 15, 2008, Bess filed a motion for an extension of time in which to effect service upon Inergy Sales & Services, Inc.; Inergy GP, LLC; Inergy, L.P.; and Inergy Holdings, L.P. To support her motion, Bess alleged that she needed to conduct discovery regarding the precise legal relationship between the defendants. A magistrate judge granted Bess' motion and

enlarged the time to effect service against these defendants to February 11, 2009, which constituted an extension of more than 90 days from the original service deadline.[1]

On April 4, 2009, Inergy Sales & Services, Inc.; Inergy GP, LLC; Inergy, L.P.; and Inergy Holdings, L.P. filed the instant motion to dismiss for failure to timely effect service of process. To support their motion, the moving defendants noted that the extended time for effecting service had expired, and that they had still not been served with process. Bess filed a response in opposition to the motion on April 17, 2009, to which the moving defendants filed reply briefs.

On May 14, 2009, in response to an inquiry from the court regarding whether the parties desired a hearing on the instant motion,[2] Bess conveyed, via email, her intent to serve one of the moving defendants. An affidavit of service was subsequently filed by Bess on May 28, 2009, which indicates that Inergy Sales & Services, Inc. was served on May 14, 2009.

## Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff has 120 days to serve a defendant. Fed. R. Civ. P. 4(m). If service is not effected within a timely manner:

> the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Id. Thus, in ruling on the instant motion, the court must first determine whether Bess has shown good cause for her failure to timely effect service on the moving defendants. If so, the court

---

[1] Defendant Inergy Propane, LLC was properly served on October 21, 2008. In January of 2009, Bess voluntarily dismissed her claims against Diversified Energy Company and Highland Propane Company.

[2] Neither side requested a hearing.

2

"must extend the time for service for an appropriate period." Id. If Bess has not shown good cause, the court must either (1) dismiss the action without prejudice against the moving defendants; or (2) direct that service be effected within a specified time. Id.; see also San Giacomo-Tano v. Levine, 1999 U.S. App. LEXIS 26997, at *4 (4th Cir. Oct. 27, 1999) (recognizing that a district court may in its discretion grant an extension of time for effecting service, even if a plaintiff does not establish good cause).

Having considered Bess' April 17, 2009 memorandum in opposition to the motion to dismiss, the court concludes that Bess has not demonstrated good cause for failing to timely serve the moving defendants. There is no indication that Bess made any attempt to serve the moving defendants prior to the expiration of the extended service deadline. In her response in opposition to the motion, Bess merely noted that she had served discovery requests on defendant Inergy Propane, LLC, which asked that defendant to identify her employer, and that Inergy Propane had not yet responded to the requests. However, Bess conceded that the discovery requests were not served on Inergy Propane until March 25, 2009, 42 days after the extended deadline for effecting service on the moving defendants had expired, and Bess failed to present any excuse for her delay in pursuing such discovery.[3] For these reasons, the court concludes that Bess has not demonstrated good cause for her failure to timely effect service of process.[4]

While the court retains the discretion to allow untimely service even without a showing of good cause, Bess has not presented any circumstances that would justify the court's exercise of

---

[3] Bess also acknowledged that the time for responding to her discovery requests had not expired.

[4] The court notes that while one of the moving defendants, Inergy Sales & Services, Inc., was recently served, service was not effected until May 14, 2009, approximately 40 days after the instant motion was filed, and more than 90 days after the extended service deadline had expired.

3

such discretion. Accordingly, the court will not extend the time period for service of process and will dismiss this action without prejudice against the moving defendants.[5]

The Clerk is directed to send certified copies of this opinion and the accompanying order to all counsel of record.

ENTER: This 5th day of June, 2009.

_____
United States District Judge

---

[5] The action will proceed as to defendant Inergy Propane, LLC, which was timely served with process on October 21, 2008.